UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21548-BLOOM/Otazo-Reyes

GONZALO RODRIGUEZ FRAILE, *as owners
and owners pro hac vice of the 2004 36 Intrepid
motorvessel, bearing Hull Identification No.
IBW36207B404*, and NICOLAS FRAILE,

    Petitioners.

_____/

**ORDER APPROVING SECURITY AND VALUE, DIRECTING ISSUANCE OF
MONITION AND INJUNCTION, AND DIRECTING PUBLICATION OF NOTICE**

**THIS CAUSE** is before the Court upon Petitioners Gonzalo Rodriguez Fraile and Nicolas Fraile's ("Petitioners") Petition for Exoneration from or Limitation of Liability, ECF No. [1] ("Petition"), and Motion for Order Approving Security and Value, Directing Issuance of Notices and Restraining Suits, ECF No. [5] ("Motion").

On April 22, 2021, Petitioners, as owners/owners *pro hac vice* of a 2004 36' Intrepid motor vessel bearing Hull Identification No. IBW36307B404 (the "Vessel"), initiated this action for exoneration from or for limitation of liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, Supplemental Rule F, and Local Supplemental Rule F for all claims arising out of an incident which occurred on or about September 14, 2020 in navigable waters of the United States, specifically near Key Biscayne, Florida. *See* Petition at 1. In support of the Petition and in compliance with Supplemental Rule F and Local Supplemental Rule F, Petitioners submitted to the Court the Affidavit of Neil Maclaren, ECF No. [5-1] ("Affidavit"), declaring the value of the Vessel, and a Letter of Undertaking ("LOU") issued by GEICO Marine Insurance Company as insurer of the Vessel as security for the value of the owners' interest in the Vessel and costs, ECF No. [5-2].

Supplemental Rule F(1) provides, in pertinent part, that "the owner shall deposit with the court, for the benefit of the claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security thereof." Fed. R. Civ. P. Supp. R. F(1). "The law is well established that the valuation of the vessel is its value at the termination of the voyage." *Complaint of Caribbean Sea Transp., Ltd.*, 748 F.2d 622, 626 (11th Cir. 1984) *amended*, 753 F.2d 948 (11th Cir. 1985). The Affidavit provides that the value of the Vessel at the time of the incident is $162,000.00. *See* ECF No. [5-1] ¶ 8. Furthermore, the LOU provides that GEICO agrees to pay and satisfy a final judgment against Petitioners in an amount up to $162,000.00 plus interests and costs. ECF No. [5-2] ¶ 1.

Supplemental Rule F(4) provides, in relevant part,

> Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. R. F(4).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

**A.**   *The LOU*

1. The LOU in support of the Motion is **ACCEPTED** as approved security for the purpose of this action and is **APPROVED** as to form and quantum.

2. Petitioners and any Claimant who may properly become a party hereto may contest the amount of value of Petitioner's interest in the Vessel as

        fixed in the Affidavit as the Court may from time to time order according to any relevant Rules and/or practices of this Court.

    3. If the aforementioned amount provided in the Motion is not contested by any Claimant in these proceedings, a separate appraisal by a Commissioner will not be required.

**B.** *Monition*

    1. A monition shall **ISSUE** out of and under the seal of this Court against all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the Petition, namely an incident involving the Vessel that occurred on or about September 14, 2020 in navigable waters of the United States, specifically near Key Biscayne, Florida, to file their respective claims with the Clerk of this Court in these proceedings and to serve on or mail to the attorneys for Petitioner having appeared in these proceedings copies thereof **on or before July 30, 2021**, and that all persons or corporations so presenting claims and desiring to contest the allegations of the Petition shall file an answer to the Petition in this Court and shall serve on or mail to the attorneys for the Petitioners copies thereof **on or before July 30, 2021**, or risk default.

**C.** *Publication Notice*.

    1. Petitioners shall arrange for a Public Notice of said Monition to be given by publication as required by Supplemental Rule F and Local Supplemental Rule F once each week for four successive weeks in a

      newspaper of general circulation in the Miami-Dade County area the first week of publication beginning no later than on **June 16, 2021**. No rights of any claimants shall be affected by these proceedings should Petitioners fail to comply with notice publication as set forth in this Order and as required by Supplemental Rule F and Local Supplemental Rule F.

2. Not later than the date of the second weekly publication, a copy of the Petition, this Order and said Public Notice shall be served, in accordance with Fed. R. Civ. P. 5, by Petitioners on every person or corporation known by Petitioners to have a claim against Petitioner arising out of the accident set forth in the Petition. No rights of any claimants known to Petitioners and not served in this action shall be affected by these proceedings.

3. Petitioners shall file proof of compliance with publication notice as ordered herein in accordance with Local Supplemental Rule F(2).

**D.** *Injunction*.

1. Commencement or further prosecution of any action, suit or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of, or connected with the casualty set forth in the Petition herein, are **STAYED AND RESTRAINED** until the final determination of these proceedings.

2. Service of this Order as a restraining order in this District may be made in

Case No. 21-cv-21548-BLOOM/Otazo-Reyes

the usual manner as any other District of the United States by delivery by the Marshal of the United States for such District of a certified copy of this Order on the person or persons to be restrained or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorney.

E. *Known Claims*.

1. Petitioners shall **FILE** a notice of any action that has been initiated or any claim made with respect to Petitioners' request for exoneration and/or limitation as to which Petitioners have knowledge, by no later than **June 9, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida on June 2, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record